UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ROBERT D. HUGHES, *et al.*, ) | |
| Plaintiffs, ) | Case No.  2:13-cv-00142-RCJ-CWH |
| vs. ) | **ORDER** |
| ETHEL M. CHOCOLATES, INC, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on Defendant's Demand for Cost Bond (#9), filed February 4, 2013.  Defendant seeks an order requiring Plaintiff Karen Hughes to post a non-resident cost bond pursuant to Nevada Revised Statutes ("NRS") 18.130.

The Federal Rules of Civil Procedure do not contain a provision relating to security of costs.  Nevertheless, it has long been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130. *Feagins v. Trump Organization*, 2012 WL 925027 (D. Nev.) (citing *Hamar v. Hyatt Corp.*, 98 F.R.D. 305, 305-06 (D. Nev. 1983); *Arrambide v. St. Mary's Hosp., Inc.*, 647 F. Supp 1148, 1149 (D. Nev. 1986)).  The requirement to provide security in the amount of $500 per defendant applies to each plaintiff, unless the plaintiff can demonstrate indigence. *See Truck Ins. Exchange v. Tetzlaff*, 683 F. Supp. 223, 227 (D. Nev. 1988) (citing *Arrambide*, 647 F. Supp. 1148-49).  Here, Plaintiff filed an adequate security bond in response to Defendant's motion. *See* Pl.'s Resp. (#13).  Consequently, the Court finds that Defendant's request, though appropriate, is now moot.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Demand for Cost Bond (#9) is **denied as**

1 | **moot**.

2 | DATED this 8th day of February, 2013

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**