1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

9   ROBERT D. HUGHES, *et al.*,                  )
                                                 )
10                        Plaintiffs,            )      Case No.  2:13-cv-00142-RCJ-CWH
                                                 )
11  vs.                                          )      **ORDER**
                                                 )
12  ETHEL M. CHOCOLATES, INC, *et al.*,          )
                                                 )
13                        Defendants.            )
    _____  )
14

15          This matter is before the Court on Defendant Schindler Elevator Corporation's Motion for

16  Reconsideration (#60), filed August 12, 2013; Plaintiffs' Response (#66), filed August 28, 2013;

17  and Defendant's Reply (#67), filed September 3, 2013.  The Court will also consider Plaintiffs'

18  Affidavit of Fees (#62), filed August 13, 2013 and Defendant's Response (#64), filed August 21,

19  2013.

20          On July 30, 2013, the Court entered an order granting Plaintiff's motion to compel (#53) for

21  non-opposition pursuant to Local Rule 7-2(d).  *See* Order (#58).  The Court ordered: (1) discovery

22  responses be served, without objection, within fourteen (14) days of the order; (2) declined to

23  preclude the use of any responsive materials at trial; and (3) Rule 37(a)(5)(A), Plaintiffs' counsel to

24  submit an affidavit of fees and costs pursuant to Rule 37(a)(5)(A), to which Defendant would have

25  ten (10) days to respond.

26          On August 12, 2013, Defendant Schindler Elevator Corporation ("Defendant") filed a

27  motion requesting that the undersigned reconsider the order on the motion to compel.  The request

28  is premised on the following: (1) Defendant served full responses after the motion to compel was

    filed and before the response was due; (2) the tardiness of the responses was due to "difficulties" in

1  obtaining the responses; and (3) though Plaintiffs' counsel did not respond to the request that it

2  withdraw its motion in light of the responses, he agreed to an extension of time for the filing of a

3  response.

4      In response, Plaintiffs contend that a generalized assertion of "difficulty" in obtaining

5  responses is insufficient to support reconsideration.  Plaintiffs also argue that Defendant had been

6  given multiple prior extensions, but was still delinquent in providing the responses.  Plaintiffs'

7  counsel acknowledges that he agreed to an extension of time for Defendant to file its response, but

8  argues that Defendant's failure to file a stipulation does not constitute excusable neglect and is not

9  enough to justify reconsideration.

10     In reply, Defendant reiterates its argument that the difficulty in obtaining the discovery

11 responses is sufficient for reconsideration.  Defendant makes a new argument that the motion to

12 compel should not have even been considered because Plaintiff did not adequately meet and confer

13 prior to filing the motion.  Lastly, Defendant asserts that it would be "contrary to the ideals of

14 justice and fairness" to allow a motion to be granted based on non-opposition when Defendant

15 intended to oppose the motion, attempted to resolve the dispute without need for the motion, and

16 obtained an extension of time to file a response.

17                                    **DISCUSSION**

18     Where a ruling has resulted in final judgment or order, a motion for reconsideration may

19 be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil

20 Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School*

21 *Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512

22 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment

23 or order for the following:

24     (1) mistake, inadvertence, surprise, or excusable neglect;

25     (2) newly discovered evidence that, with reasonable diligence, could not have been
       discovered in time to move for a new trial under Rule 59(b);

26
27     (3) fraud (whether heretofore denominated intrinsic or extrinsic),
       misrepresentation, or misconduct by an opposing party;

28     (4) the judgment is void;

                                       2

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." A motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

The Court may also exercise its inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy,* 147 F.3d at 1114. A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting

3

1    the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d

2    252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party

3    cannot have relief under this rule merely because he or she is unhappy with the judgment.").

4    **1. Motion for Reconsideration**

5         The Court has reviewed the briefing and concludes that the circumstances surrounding the

6    underlying motion to compel do not merit modification of the original order.  There are two facts,

7    neither of which is in dispute, that were previously unknown to the Court.  First, Plaintiffs' counsel

8    agreed to an extension of time for Defendant to respond to the motion to compel prior to the motion

9    being granted.  The Court agrees that an extension of time to a briefing schedule, which is set by

10   the Court, requires a court approved stipulation.  *See* LR 7-1(b) ("Any stipulation that would

11   interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be

12   made only with approval of the Court.").[1]  The Court further agrees that failure to file the

13   stipulation does not normally constitute excusable neglect.  *See McSmith v. Poker Productions*,

14   2011 WL 841350 (D. Nev) ("Unfamiliarity with the local rules does not constitute excusable

15   neglect.") citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392

16   (1993) (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not

17   usually constitute 'excusable neglect'"); *see also Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir.

18   2004); *Watson v. Schwarzenegger*, 347 Fed. Appx. 282, 285 (9th Cir. 2009).  Ultimately, "a

19   lawyer's failure to read an applicable rule is one of the least compelling excuses that can be

20   offered."  *Pincay*, 389 F.3d at 859.

21        The second fact previously unknown to the Court is that, after the motion to compel was

22   filed but before the response was due, Defendant served responses to the interrogatories in

23   question.  Even if the Court were inclined to reconsider its prior order based on the agreement

24   between the parties to extend time to respond, service of the responses after the motion does not

25

26       [1]  The Court is not convinced Fed. R. Civ. P. 29 is applicable under these circumstances.  Rule 29

27   addresses stipulations about discovery procedures and extending the time for "any form of discovery."  The
     stipulation between the parties here did not deal with discovery procedures or extending the time to respond to
     discovery.  The stipulation related to a briefing schedule on a discovery motion.  It did not, in any way, alter any

28   discovery procedure or extend time to respond to discovery.

require reconsideration. It does present the question of whether the Court should reconsider the portion of its prior order finding a waiver of all objections to the discovery requests. Federal Rule of Civil Procedure 33(b)(2) requires that, unless otherwise agreed or ordered by the court, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." The failure to provide specific, timely objections to a Rule 33 discovery request results in waiver. Fed.R.Civ.P. 33(b)(4); *see also Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992) ("It is well established that failure to object to discovery requests within the time required constitutes a waiver of any objection."). As held in *Richmark,* the general rule is that the failure to object to Rule 33 discovery requests results in the waiver of any objection. *Richmark,* 959 F.2d at 1473. Courts, however, retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver. Rule 33 specifically provides that "[a]ny ground not stated in a timely objection is waived *unless* the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4) (emphasis added).

Unfortunately, the Court has not been provided a copy of the discovery responses and is therefore not aware of what objections, if any, were made. Defendant has made no effort, other than to state a generalized "difficulty" in obtaining the responses, to demonstrate that it should be relieved of waiver. Moreover, given the garden variety nature of most of the interrogatories, the Court would be surprised to see many substantive objections. *See* Pls' Mot. to Compel (#53) at 4-7 (listing the interrogatories at issue). Most of the interrogatories appear to be duplicate requests for information that must be disclosed under Rule 26(a)(1)(A) and (a)(2). To the extent they seek some other types of information, the Court finds that a generalized claim of "difficulty" in obtaining the answers is not sufficient to warrant reconsideration.

It appears the real gravamen of the request for reconsideration is that Defendant does not believe an award of fees and expenses on the motion to compel are warranted. To support its position, Defendant cites Fed. R. Civ. P. 54 and a series of inapplicable cases. Each of the cases cited predates the 1993 amendments to the Federal Rules by at least 20 years. None of the cases cited is from this Court or any other court sitting within the Ninth Circuit. Further, neither Rule 54 nor the cases cited address the situation where an award of fees and expenses is contemplated under

1    Fed. R. Civ. P. 37(a)(5)(A), which provides in regard to motions to compel discovery:

2          If the motion is granted–or if the disclosure or requested discovery is provided
           after the motion was filed–the court must, after giving an opportunity to be
3          heard, require the party or deponent whose conduct necessitated the motion,
           the party or attorney advising the conduct, or both to pay the movant's
4          reasonable expenses incurred in making the motion, including attorney's
           fees."
5
     *Id.* The Court must not order payment if (1) the motion was filed before making a good faith
6
     attempt to meet and confer to resolve the dispute without court intervention, (2) the opposing
7
     party's nondisclosure, response, or objection was substantially justified, or (3) other circumstances
8
     make an award unjust. *Id.*
9
          Originally, the Court granted the motion to compel and, therefore, under the plain language
10
     of Rule 37(a)(5)(A), the Court was obligated to consider awarding the moving party its reasonable
11
     expenses, including attorney fees, incurred in bringing the motion. This result would not change
12
     upon reconsideration. Defendant has conceded it provided responses after the motion was filed,
13
     which conduct also requires the Court to consider an award of fees and expenses under Rule
14
     37(a)(5)(A). Consequently, there is no basis to reconsider the initial order as it relates to fees under
15
     Rule 37.
16
     **2. Affidavit of Fees**
17
          Importantly, in its initial order (#58) the Court did not make a fee award. The Court invited
18
     Plaintiff to submit an affidavit of fees. The Court further ensured an opportunity for Defendant to
19
     be heard on the question of fees by requiring a written response within ten (10) days after the fee
20
     affidavit was submitted. Plaintiffs submitted their affidavit of fees on August 13, 2013, seeking an
21
     award of $2,222.83 in fees and expenses related to the motion to compel. (#62). Defendant
22
     opposes the fee request on the grounds that it (1) does not address factors set out in Local Rule 54-
23
     16 and (2) Plaintiffs seek reimbursement for fees to which they are not entitled.
24
          Under Rule 37(a)(5)(A), the burden is on the non-moving party to affirmatively demonstrate
25
     a fee award is not appropriate. As previously noted, an award is not appropriate if: (1) the movant
26
     filed the motion before attempting in good faith to obtain the disclosure or discovery without court
27
     action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or
28

1  (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i-iii).

2  Defendant makes no attempt within its opposition (#64) to Plaintiffs' affidavit of fees to

3  demonstrate a fee award would be inappropriate on the grounds that Plaintiffs' counsel did not

4  meet and confer or that the non-disclosure was substantially justified.  In the briefing related to the

5  motion for reconsideration, Defendant made reference to a failure to meet and confer.  The Court

6  has reviewed all the briefing related to the motion to compel and motion for reconsideration and is

7  satisfied that Plaintiffs' counsel made the good faith effort to meet and confer prior to bringing the

8  motion to compel.

9  Likewise, Defendant does not make any attempt within its opposition (#64) to demonstrate

10  that the initial non-disclosure was substantially justified.  Generally, discovery conduct is

11  "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ

12  as to the appropriateness of the contested action.'"  *Devaney v. Continental American Ins. Co.*, 989

13  F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  The

14  only reference to any rationale which may approximate substantial justification is Defendant's

15  vague, unspecified claim that it encountered "difficulty" in obtaining the discovery responses.

16  Generalized statements regarding difficulty in obtaining responses, without more, are insufficient to

17  demonstrate that non-disclosure was substantially justified.  Defendant does appear to request

18  denial or reduction of the requested fees on the ground that other circumstances make an award

19  unjust because of Plaintiffs' perceived failure to address each factor set forth in LR 54-16(b)(3) and

20  the inclusion of fees to which Plaintiff is allegedly not entitled.

21  The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of

22  fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-

23  step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must

24  calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation

25  and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the lodestar

26  upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation."

27  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the

28  relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions

7

involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[2] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

The factors set forth in LR 54-16(b) generally mirror those factors set forth in *Kerr*. Many of the *Kerr* factors are subsumed within the initial lodestar analysis. *See Intel Corp. V. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) ("The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation."); *Hensley*, 461 U.S. at n. 9; *Davis v. City and Cnty of S.F.*, 976 F.2d 1536, 1546 (9th Cir. 1992). Whether the fee is fixed or contingent is irrelevant to the fee calculation. *See Davis*, 976 F.2d at n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (noting that the Supreme Court in *Dague* deemed irrelevant to the fee calculation whether a fee is fixed or contingent). In calculating a fee award, the awarding court must have sufficient information to make the lodestar calculation. Here, that Plaintiffs' counsel may not have addressed each of the factors set forth in LR 54-16 does not mean Plaintiff is not entitled to an award. As set forth below, there is sufficient information in the record to issue an award.

### A.    Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to

---

[2]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" of the fee calculation).

the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

Plaintiffs' counsel seeks an award based on an hourly rate of $200 for an associate attorney and $100 an hour for three paralegals. Defendant has not raised an objection to the hourly rates and the Court finds the rates reasonable.

### B.   Reasonable Hours Expended

On the other hand, the Court finds that the number of hours worked must be adjusted to account for the time and labor required for the motion to compel. Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. Furthermore, the court may also exclude hours related to overstaffing, duplication, excessiveness, and those activities otherwise unnecessary to the motion at issue. *Id.* Reviewing the affidavit of fees, the Court finds there are several instances of duplication, overstaffing, and redundant work. The motion to compel did not present particularly complex issues of law or fact. It was a straightforward motion. The parallel work done by paralegals in this instance was repetitive of the work done by associate Mark Rouse. The Court declines to award any fees for work performed by paralegals in this instance. The Court further declines to award any fees for computerized research. There is nothing in the record to indicate a prevailing practice within the local community of billing

clients separately for such costs.  *See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redlands Ins., Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006) (reasonable charges for computerized research may be recovered if separate billing for such expenses is the prevailing norm in the local community).  Lastly, the Court declines to award any fees for review work done by the overseeing attorney.

       After making the necessary adjustments, the Court finds that Plaintiffs' counsel expended 6.8 hours related to the motion to compel.  Based on an hourly rate of $200, the Court awards Plaintiffs $1,360.00 in fees and expenses.  Accordingly,

       **IT IS HEREBY ORDERED** that Defendant Schindler Elevator Corporation's Motion for Reconsideration (#60) Plaintiffs' Motion to Compel (#53) is **denied**.

       **IT IS FURTHER ORDERED** that Plaintiffs' Affidavit of Fees is **granted in part and denied in part**.  Defendant shall pay Plaintiffs $1,360.00 in reasonable fees and expenses related to Plaintiffs' motion to compel (#53).  Payment is due within thirty (30) days of this order.

       DATED: November 26, 2013.


                                        _____
                                        **C.W. Hoffman, Jr.**
                                        **United States Magistrate Judge**

10